UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMED MAKKY ALTOUM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 10-cv-00467 |
| AIRBUS, S.A.S., *et al.*, | ) | |
| | ) | Honorable J. Charles G. Norgle, Sr. |
| Defendants. | ) | Honorable Mag. J. Geraldine Soat Brown |

## AIRBUS, S.A.S.'S ANSWER and AFFIRMATIVE DEFENSES

Without waiver of any rights, privileges, or defenses, and without conceding the appropriateness of this forum for resolution of this dispute, Defendant Airbus, S.A.S ("Airbus"), for its Answer to Plaintiffs' Complaint, states as follows:

### COUNT I

1.     Plaintiffs and plaintiffs' decedents are citizens and residents of Sudan. Those plaintiffs identified in the caption hereof as Special Administrators have been appointed Special Administrators of their respective decedents' estates by Order of this Court. The other named plaintiffs are hereinafter referred to as the Personal Injury Plaintiffs.

**ANSWER:**     Airbus admits that Plaintiffs and Plaintiffs' decedents are citizens and residents of Sudan.  Except as expressly admitted, Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 of Count I and, on that basis, denies the allegations.

2.     The defendants identified in the caption hereof as corporations are foreign corporations doing business in, and subject to the jurisdiction of the courts of, Cook County, Illinois.

**ANSWER:**    Airbus admits that it is a foreign corporation that does business in Illinois and  is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 of Count I and, on that basis, denies the allegations..

3.    On June 10, 2008, plaintiffs' decedents and the Personal Injury Plaintiffs were passengers on board a certain Airbus A-310 aircraft ("the Accident Aircraft") being operated by Sudan Airways as Flight 109 from Amman, Jordan to Khartoum, Sudan, with an intermediate stop at Damascus, Syria.

**ANSWER:**    Airbus admits that an Airbus A310-324, manufacturer's serial number 548 (the "Accident Aircraft"), was operated by Sudan Airways as Flight 109 from Amman, Jordan to Khartoum, Sudan on June, 10, 2008.   Except as expressly admitted, Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 of Count I, and, on that basis, denies the allegations.

4.    On a date prior to June 10, 2008, defendants Airbus, S.A.S. and Airbus Americas ("Airbus") designed, manufactured, assembled and sold the accident aircraft.

**ANSWER:**    Airbus admits that the Accident Aircraft was designed, assembled, and placed into the stream of commerce in France by Airbus Industrie G.I.E.  Except as expressly admitted, Airbus denies the allegations in Paragraph 4 of Count I.

5.    At the time the accident aircraft left the custody and control of defendant Airbus, it was defective and unreasonably dangerous in one or more of the following respects, among other defects:

(a) the aircraft had engines which were susceptible of igniting and exploding,

(b) the aircraft's deceleration mechanisms were not capable of slowing the aircraft under all reasonably-anticipated conditions,

(c) the aircraft's thrust reversers were subject to failure and deactivation,

(d) the aircraft's brakes' hydraulic systems were subject to failure,

(e) the aircraft's hydraulic and brake control system had an inadequate fault tolerance,

(f) the aircraft's ground spoilers were subject to non-deployment,

(g) the aircraft's brake and hydraulic systems did not provide any warning to the flight crew of a brake system failure or malfunction,

(h) the aircraft's Ground Proximity Warning System (GPWS) was inadequately inspected and tested, provided false or nuisance warnings which interfered with the safe operation of the flight, and did not provide proper and adequate instructions regarding its inspection and use,

(i) the aircraft's intakes for the pitot tubes were subject to obstruction and blockage, resulting in misleading information being provided to the flightcrew,

(j) the aircraft's air data computer provided incorrect and misleading information to the flightcrew regarding the aircraft's airspeed,

(k) the aircraft did not contain any warnings of the defective and unreasonably dangerous conditions.

**ANSWER:**   Airbus denies the allegations in Paragraph 5 of Count I, including all of the allegations in sub-paragraphs (a) through (k).

6.     As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the accident aircraft, it was caused to, and did, violently crash while landing at Khartoum airport on June 10, 2008 and plaintiffs' decedents were killed and the Personal Injury Plaintiffs were injured.

**ANSWER:**   Airbus admits that Sudan Airways Flight 109 caught fire after landing at Khartoum-Civil Airport on June 10, 2008, and that several passengers and crew members died or were injured.   Except as expressly admitted, Airbus is without information or knowledge

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of Count I, and, on that basis, denies the allegations.

7.      Plaintiffs' decedents left surviving heirs and beneficiaries, including the plaintiff Special Administrators, for whose benefit this action is brought.

**ANSWER:**   Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of Count I, and, on that basis, denies the allegations.

8.      The plaintiff Special Administrators and the other heirs and beneficiaries of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

**ANSWER:**   Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Count I, and, on that basis, denies the allegations.

9.      This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

**ANSWER:**   Airbus admits the existence of the Illinois Wrongful Death Act, but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations contained in paragraph 9 of Count I.

Airbus denies all allegations in Count I not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus moves the Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNT II

1-6.    As paragraphs 1-6 of Count II, plaintiffs reallege paragraphs 1-6 of Count I.

**ANSWER:**    In response to paragraphs 1-6 of Count II, Airbus adopts and incorporates by reference its responses to paragraphs 1-6 of Count I.

7.    As the direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions of the accident aircraft which caused the accident aircraft to violently crash while landing at Khartoum airport on June 10, 2008, plaintiffs' decedents were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

**ANSWER:**    Airbus denies the allegations in Paragraph 7 of Count II.

8.    Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

**ANSWER:**    Airbus denies the allegations in Paragraph 8 of Count II.

9.    This action is brought pursuant to 755 1LCS 5/27-6, commonly known as the Illinois Survival Act.

**ANSWER:**    Airbus admits the existence of the Illinois Survival Act, but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations contained in paragraph 9 of Count II.

WHEREFORE, Defendant Airbus moves the Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNT III

1-6.     As paragraphs 1-6 of Count III, plaintiffs reallege paragraphs 1-6 of Count I.

**ANSWER:**     In response to paragraphs 1-6 of Count III, Airbus adopts and incorporates by reference its responses to paragraphs 1-6 of Count I.

7.     As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions in the accident aircraft which caused the accident aircraft to crash while landing at Khartoum airport on June 10, 2008, the Personal Injury Plaintiffs sustained serious personal and bodily injuries and substantial pecuniary and non-pecuniary damages, including, but not limited to, past and future medical expenses, past and future loss of earnings and income, permanent disability and disfigurement, pain and suffering and mental anguish.

**ANSWER:**     Airbus denies the allegations in Paragraph 7 of Count III.  Airbus further denies that Plaintiffs (or their Special Administrators) are entitled to the relief requested in the unnumbered paragraph following Paragraph 7 of Count III.

Airbus denies all allegations in Count III not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus moves the Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNT IV

1-4.     As paragraphs 1-4 of Count III, plaintiffs reallege paragraphs 1-4 of Count I.

**ANSWER:**     In response to paragraphs 1-4 of Count IV, Airbus adopts and incorporates by reference its responses to paragraphs 1-4 of Count I.

5.     At all times relevant hereto, defendant Airbus owed a duty to plaintiffs and plaintiffs' decedents to use reasonable care in designing, manufacturing, assembling, and selling the accident aircraft so as to not cause the deaths of plaintiffs' decedents or injuries to the Personal Injury Plaintiffs.

**ANSWER:**     Airbus denies the allegations in Paragraph 5 of Count IV.

6.     Defendant Airbus negligently breached its duty of care owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts and omissions:

    (a) negligently designed. manufactured. assembled and sold the accident aircraft such that its engines were susceptible of igniting and exploding,

    (b) negligently designed, manufactured, assembled and sold the accident aircraft such that its deceleration mechanisms were not capable of slowing the aircraft under all reasonably-anticipated conditions,

    (c) negligently designed, manufactured, assembled and sold the accident aircraft such that its thrust reversers were subject to failure and deactivation,

    (d) negligently designed, manufactured, assembled and sold the accident aircraft such that the brakes' hydraulic systems were subject to failure,

    (e) negligently designed, manufactured, assembled and sold the accident aircraft such that its brake and hydraulic systems had an inadequate fault tolerance,

    (f) negligently designed, manufactured, assembled and sold the accident aircraft such that its ground spoilers were subject to non-deployment,

    (g) negligently designed, manufactured, assembled and sold the accident aircraft such that it did not provide any warning to the flight crew of a brake and hydraulic system failure or malfunction,

(h) negligently designed, manufactured, assembled and sold the accident aircraft such that its Ground Proximity Warning System (GPWS) was not properly inspected and tested, provided false or nuisance warnings which interfered with the safe operation of the flight, and did not provide proper and adequate instructions regarding its inspection and use,

(i) negligently designed, manufactured, assembled and sold the accident aircraft such that its pitot tubes were subject to obstruction and blockage, resulting in misleading information being provided to flightcrews,

(j) negligently designed, manufactured, assembled and sold the accident aircraft such that the aircraft's air data computer provided inaccurate and misleading information to the flightcrew regarding the aircraft's airspeed,

(k) negligently failed to warn of the defective and unreasonably dangerous conditions of the accident aircraft.

**ANSWER:**   Airbus denies the allegations in Paragraph 6 of Count IV, including all of the allegations in sub-paragraphs (a) through (k).

7.      As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Airbus, the accident aircraft was caused to, and did, violently crash while landing at Khartoum airport on June 10, 2008, and plaintiffs' decedents were killed and the Personal Injury Plaintiffs were injured.

**ANSWER:**   Airbus denies the allegations in Paragraph 7 of Count IV.

8.      Plaintiffs' decedents left surviving heirs and beneficiaries, including the plaintiff Special Administrators, for whose benefit this action is brought.

**ANSWER:**   Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of Count IV, and, on that basis, denies the allegations.

9.      The plaintiff Special Administrators and the other heirs and beneficiaries of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household

and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

**ANSWER:**   Airbus is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of Count IV, and, on that basis, denies the allegations.

10.   This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

**ANSWER:**   Airbus admits the existence of the Illinois Wrongful Death Act, but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations in paragraph 10 of Count IV.

Airbus denies all allegations in Count IV not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus moves the Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.


## COUNT V

1-4.   As paragraphs 1-4 of Count V, plaintiffs reallege paragraphs 1-4 of Count I.

**ANSWER:**   In response to paragraphs 1-4 of Count V, Airbus adopts and incorporates by reference its responses to paragraphs 1-4 of Count I.

5-7.   As paragraphs 5-7 of Count V, plaintiffs reallege paragraphs 5-7 of Count IV.

**ANSWER:**   In response to paragraphs 5-7 of Count V, Airbus adopts and incorporates by reference its responses to paragraphs 5-7 of Count IV.

8.    As the direct and proximate result of one or more of the aforesaid negligent acts and omissions of defendant Airbus which caused the accident aircraft to violently crash while landing at Khartoum airport on June 10, 2008, plaintiffs' decedents were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

**ANSWER:**    Airbus denies the allegations in Paragraph 8 of Count V.

9.    Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such action has survived them.

**ANSWER:**    Airbus denies the allegations in paragraph 9 of Count V.

10.    This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

**ANSWER:**    Airbus admits the existence of the Illinois Survival Act, but denies that Plaintiffs are entitled to the relief requested and denies the remaining allegations in paragraph 10 of Count V.

Airbus denies all allegations in Count V not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus moves the Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNT VI

1-4.    As paragraphs 1-4 of Count VI, plaintiffs reallege paragraphs 1-4 of Count I.

**ANSWER:**    In response to paragraphs 1-4 of Count VI, Airbus adopts and incorporates by reference its responses to paragraphs 1-4 of Count I.

5-7.    As paragraphs 5-7 of Count VI, plaintiffs reallege paragraphs 5-7 of Count IV.

**ANSWER:**    In response to paragraphs 5-7 of Count VI, Airbus adopts and incorporates by reference its responses to paragraphs 5-7 of Count IV.

8.    As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant Airbus which caused the accident aircraft to crash while landing at Khartoum airport on June 10, 2008, the Personal Injury Plaintiffs sustained serious personal and bodily injuries and substantial pecuniary and non-pecuniary damages, including, but not limited to, past and future medical expenses, past and future loss of earnings and income, permanent disability and disfigurement, pain and suffering and mental anguish.

**ANSWER:**    Airbus denies the allegations in paragraph 8 of Count VI.

Airbus denies all allegations in Count VI not specifically admitted, denied, or otherwise responded to above.

WHEREFORE, Defendant Airbus moves the Court to enter judgment in its favor dismissing Plaintiffs' Complaint with prejudice, to award Airbus its costs incurred in this action, and to grant Airbus all other appropriate relief.

## COUNTS VII – XXXIX

The allegations in Counts VII through XXXIX are not directed at Airbus and thus, no response from Airbus is required. To the extent a response from Airbus is deemed required, Airbus is without information or knowledge sufficient to form a belief as to the truth or falisity of the allegations contained in those Counts and on that basis, denies the allegations.

## SEPARATE and AFFIRMATIVE DEFENSES

Without prejudice to its denials or other statements in its pleadings, without waiver of any rights, privileges, or defenses, and without conceding the appropriateness of this forum for

resolution of this dispute, Airbus, S.A.S for its Separate and Affirmative Defenses to Plaintiffs'

Complaint, states as follows:

## FIRST DEFENSE – *FORUM NON CONVENIENS*

Plaintiffs' claims should be dismissed pursuant to the doctrine of *forum non conveniens*

because adequate and more appropriate fora exist.

## SECOND DEFENSE – FAILURE TO STATE A CLAIM

Plaintiffs have failed to state a cause of action against Airbus upon which relief may be

granted.

## THIRD DEFENSE – LACK OF CAPACITY OR STANDING

Plaintiffs may lack capacity or standing to maintain this action.

## FOURTH DEFENSE – INTERVENING AND SUPERSEDING CAUSE

Plaintiffs' damages, if any, resulted completely from intervening, interceding,

superseding, and/or unforeseeable causes, including but not limited to acts or omissions of third

parties, over which Airbus had no control or right of control, and for which Airbus had no duty

to protect Plaintiffs and/or decedents.   Such acts or omissions are a superseding cause of

Plaintiffs' damages.   Alternatively, the conduct or fault of Airbus, if any, was not a substantial

factor in bringing about Plaintiffs' alleged damages, and therefore was not a proximate,

contributing, or producing cause of any injuries or damages suffered by Plaintiffs.

## FIFTH DEFENSE – ACTS OF OTHERS

Plaintiffs' damages, if any, were proximately caused by the negligence and/or fault of

persons, firms, corporations, entities, or parties other than Airbus, for whom Airbus is not

responsible, and over whom Airbus had no control or right of control, including but not limited

to the co-defendants named in this action and other non-parties, including but not limited to the

operator of the accident flight and the government of Sudan (directly or through its respective agencies, the Khartoum airport authorities, air traffic and ground traffic controllers, and providers of flight related services such as weather briefings and other services).  Such acts or omissions are a superseding cause of Plaintiffs' damages.  Accordingly, Airbus is not liable to Plaintiffs; or, in the alternative, Airbus's liability to Plaintiffs, if any, must be reduced by the percentage of fault attributable to other persons, firms, corporations, entities, or parties, in accordance with applicable law.

## SIXTH DEFENSE - MISUSE

Airbus is not liable because the Aircraft was subject to unforeseeable and improper misuse or handling.

## SEVENTH DEFENSE – POST-SALE MATERIAL MODIFICATION/ALTERATIONS

Plaintiffs' alleged damages, if any, were proximately caused in whole or in part, by the modification, alteration, or change in the condition of the product by persons over whom Airbus had no control or right of control, and without Airbus's knowledge, consent, or advice.  The defects about which plaintiff complains were not created by this defendant.  This defendant cannot, as a matter of law, be held responsible for alleged defects it did not create.

## EIGHTH DEFENSE – FAILURE TO JOIN NECESSARY PARTIES

The Complaint and all causes of action in the Complaint should be dismissed because Plaintiffs have failed to join necessary and indispensable parties.

## NINTH DEFENSE - SETOFF

Airbus reserves the right to make an election of credit or setoff for any settlements or payments received from any collateral sources, as allowed pursuant to the applicable law.

## TENTH DEFENSE – PROPER WARNINGS

Airbus did not omit any instructions or warnings that would have reduced the foreseeable risks of harm, if any, posed by the Aircraft.  The warnings and instructions provided were adequate as a matter of law.  The plaintiffs' damages and injuries, if any, are the sole proximate result of the failure by other parties to follow the warnings and instructions issued.

## ELEVENTH DEFENSE – NO FEASIBLE ALTERNATIVE DESIGN

At the time the Accident Aircraft left Airbus's control, there were no practical and technically feasible alternative designs that would have prevented the alleged injuries without substantially impairing the reasonably anticipated or intended function of the Aircraft.

## TWELFTH DEFENSE - STRICT LIABILITY STATUTE OF REPOSE

To the extent Illinois Law may apply, the product in question was manufactured and first sold to an initial user more than 10 years before the date of the occurrence.  Accordingly, plaintiffs' strict liability claims are barred by the Illinois Product Liability Statute of Repose, 735 ILCS 5/13-213.

## THIRTEENTH DEFENSE –
## WARRANTY STATUTE OF LIMITATIONS

To the extent Illinois Law or the law of another jurisdiction that has adopted the UCC may apply, the product in question was delivered to the initial purchaser more than four years before the date of the occurrence.  Accordingly, plaintiffs' warranty claims are barred by the four-year statute of limitations of the Uniform Commercial Code, 810 ILCS 5/2-725.

## FOURTEENTH DEFENSE – 735 ILCS 5/2-1117

There is no fault that can be attributed to this defendant and, therefore, the fault attributed to this defendant is less than 25% of the total fault attributable to the plaintiff, other defendants, and third party defendants who could have been sued by plaintiff.  Therefore, to the extent that

Illinois law may apply, this defendant is not jointly liable but only severally liable for its relative

degree of fault pursuant to 735 ILCS 5/2-1117.

## FIFTEENTH DEFENSE - COMPLIANCE WITH
## APPLICABLE STANDARDS/PRE-EMPTION

At the time the subject product (including but not limited to any associated training

materials) was designed and/or manufactured, it complied with all applicable safety standards

and regulations.

## SIXTEENTH DEFENSE - NO POST-SALE DUTY TO WARN/ RETROFIT

Plaintiff's claims are barred, in whole or in part, because defendants had no post-sale

duty to warn or retrofit the subject product.

## SEVENTEENTH DEFENSE – STATE OF THE ART

The design of the Accident Aircraft delivered by Airbus was consistent with or exceeded

the state of the art at the time of its design and manufacture.

## EIGHTEENTH DEFENSE – CAUSATION

The conduct or fault of Airbus, if any, was not a substantial factor in bringing about

Plaintiffs' alleged damages, and therefore was not a producing, proximate, or contributing cause

of any injuries or damages suffered by Plaintiffs.

## NINETEENTH DEFENSE – SOPHISTICATED USER

The Accident Aircraft was intended for, and sold to, a knowledgeable and sophisticated

user over whom Airbus had no control.  The warnings and instructions which accompanied the

sale of the aircraft were sufficient to exculpate Airbus from any liability to the Plaintiffs.

## TWENTIETH DEFENSE – SATISFACTION

Plaintiffs' claims may be barred in whole or part, under the applicable law, because they

have already received full satisfaction and/or compensation for their alleged injuries and

damages, and their claims may be barred by Plaintiffs' prior accord and satisfaction with any party or third party.

## **RESERVATION**

Airbus reserves the right to assert against the Plaintiff, co-defendants, or any other subsequent defendants or third-parties any other claims or affirmative defenses that may develop during the course of investigation, discovery, and litigation of this action.

## **NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure Rule 44.1, Airbus gives notice that it may raise issues concerning the applicability of the law of another jurisdiction, including but not limited to the law of France or Sudan, and reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

## **JURY DEMAND**

Airbus demands a trial by jury on all triable issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Airbus S.A.S. respectfully requests as follows:

(1)     Plaintiffs take nothing, but to the extent the fact-finder awards damages, Airbus prays that any such award against Airbus be reduced by that proportion of responsibility adjudged against other liable parties;

(2)     Airbus be awarded its costs of Court;

(3)     Airbus be awarded its reasonable and necessary attorneys' fees incurred in the defense and prosecution in these actions; and

(4)     Airbus be awarded such other and further relief as to which it may show itself entitled.

Signed:          January 22, 2010

Respectfully submitted,

*/s/ Stanley V. Boychuck*
Stanley V. Boychuck, #3124066
Anthony J. Monaco, #6279545
Patrick P. Clyder, #6292573
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash Avenue, Ste. 3300
Chicago, IL 60611
Tel.: (312) 321-9100
Fax: (312) 321-0990
sboychuc@smbtrials.com
amonaco@smbtrials.com
pclyder@smbtrials.com

**LOCAL COUNSEL FOR
DEFENDANT AIRBUS S.A.S.**

Thad T. Dameris*
Christopher M. Odell*
HOGAN & HARTSON LLP
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Tel.:  (713) 632-1410
Fax:  (713) 583-6297
tdameris@hhlaw.com
cmodell@hhlaw.com

David J. Weiner*
HOGAN & HARTSON LLP
555 13th St., NW
Washington, D.C.  20004
(202) 637-5600
(202) 637-5910 FAX
djweiner@hhlaw.com

**LEAD COUNSEL FOR DEFENDANT AIRBUS S.A.S.**

*Motion for *pro hac* admittance pending