**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MOHAMED MAKKY ALTOUM, et al. )<br><br>    Plaintiffs, )<br><br>    v. )<br><br>AIRBUS S.A.S., et al. )<br><br>    Defendants. ) | No. 10-CV-467<br><br>Honorable Charles R. Norgle |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court are plaintiffs' motion to remand and motion to voluntarily dismiss certain plaintiffs. For the following reasons, plaintiffs' motion to remand is denied. Plaintiffs' motion to voluntarily dismiss remains under advisement pending plaintiffs' decision as to whether they wish to proceed with the motion in light of the Court's ruling on the motion to remand.

## I. BACKGROUND

On January 11, 2010, plaintiff Mohamed Makky Altoum and 101 other plaintiffs (collectively "Plaintiffs") filed a complaint in the Circuit Court of Cook County concerning an airplane crash that occurred in Khartoum, Sudan on June 10, 2008 (the "Altoum Action").[1] The 39-count Altoum Action brings product liability and negligence claims against Airbus S.A.S. ("Airbus") and eleven other defendants. Approximately eleven months prior to the filing of the Altoum Action, Plaintiffs' attorney filed a similar complaint in the Circuit Court of Cook County

---

[1]     The parties disagree as to how many plaintiffs are listed in the caption of the Altoum Action. Plaintiffs contend that 103 plaintiffs are listed, see Pls.' Mem. at 3, while Airbus claims that 102 plaintiffs are listed. See Notice of Removal at 5. According to the Court's examination of the Altoum Action's caption, there are 102 plaintiffs listed, including five special administrators.

on behalf of Al Gasim Obied Ibrahim Mohammad and over eighty other plaintiffs (the "Mohammad Action"). The Mohammad Action arises out of the same airplane crash as the Altoum Action and also includes product liability and negligence claims against Airbus and several other defendants.

According to Plaintiffs' attorney's affidavit, he filed the two actions separately because "[s]ubsequent to the filing of the Complaint in the Mohammad [A]ction, [he] was retained by other persons who were injured or lost loved ones in the [Khartoum] air crash . . ., through a referring attorney different from the referring attorney in the Mohammed [A]ction." Pls.' Reply, Ex. 2 ¶ 7. Plaintiffs' counsel also avers that he included twenty plaintiffs in the Altoum Action "who already had asserted identical claims against the[] same defendants in the earlier filed Mohammad [A]ction." Id. ¶ 9. According to Plaintiffs' counsel, his error "was the result of mistaken or variable spellings of the names of these twenty persons provided to me by the attorney who referred these persons to me" and he did not "realize at the time [he] filed the Complaint in th[e] Altoum [A]ction that [he] already had included these twenty persons as plaintiffs in the Complaint filed in the Mohammad [A]ction." Id.

On January 22, 2010, Airbus removed the Altoum Action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) & 1453. On February 22, 2010, Plaintiffs filed a motion to remand the Altoum Action to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447 and a motion to voluntarily dismiss twenty of the plaintiffs listed in the Altoum Action pursuant to FED. R. CIV. P. 41(a)(2). On March 25, 2010, Plaintiffs filed a "corrected motion to voluntarily dismiss" that modified the name of one plaintiff whom Plaintiffs seek to voluntarily dismiss. Both the motion to remand and the motion to voluntarily dismiss are now fully briefed and before the Court.

## II. DISCUSSION

### A. Removal under CAFA

CAFA "creates federal jurisdiction over (and thus allows the removal of) multi-state class actions with substantial stakes." Bullard v. Burlington N. Santa Fe Ry. Co., 535 F.3d 759, 761 (7th Cir. 2008); see also Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805, 806 (7th Cir. 2010) ("[CAFA] creates federal diversity jurisdiction over certain class actions . . . ."). Specifically, CAFA provides that:

> [D]istrict courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> *    *    *
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State . . . .

28 U.S.C. § 1332(d)(2)(b); see also Bullard, 535 F.3d at 761 (noting that CAFA does not create federal jurisdiction over class litigation unless at least one plaintiff demands $75,000). CAFA's definition of a "class action" includes "mass actions," which CAFA defines as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i). Under CAFA, "[w]hichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005).

### B. Plaintiffs' Motion to Remand

Plaintiffs do not dispute that the Altoum Action, when originally filed, satisfied CAFA's above-described requirements for federal jurisdiction and therefore was removable to federal court. Rather, Plaintiffs assert that the Altoum Action should be remanded to state court

because Plaintiffs later discovered that this Court's jurisdiction was based on a "scriveners' error" that resulted in the inclusion of twenty plaintiffs whose claims were already pending in the Mohammad Action. Plaintiffs argue that they should be allowed to voluntarily dismiss these twenty erroneously included persons from the Altoum Action, leaving eighty-two plaintiffs remaining. Under Plaintiffs' reasoning, if the Altoum Action no longer has at least 100 plaintiffs, federal jurisdiction does not exist under CAFA and the Altoum Action must be remanded to state court.

Plaintiffs' argument is not supported by Seventh Circuit caselaw. "The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction." In re Burlington N. Santa Fe Ry. Co., 606 F.3d 379, 380 (7th Cir. 2010) (per curiam). That rule also applies to actions removed under CAFA. See Bullard, 535 F.3d at 762 (stating with respect to an action that was removed under CAFA that "we doubt that *anything* filed after a notice of removal can affect federal jurisdiction") (emphasis added); see also Burlington, 606 F.3d at 381 ("CAFA jurisdiction attaches when a case is *filed* as a class action . . . ."). In Burlington, defendants removed a class action suit to federal court under CAFA and plaintiffs subsequently amended their complaint to eliminate the class allegations. 606 F.3d at 379. Although the district court found jurisdiction lacking and remanded the case to state court, the Seventh Circuit vacated the district court's remand order, holding that "jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations." Id. at 380. The court explained that "allowing plaintiffs to amend away CAFA jurisdiction after removal would present a significant risk of forum manipulation." Id. at 381. The court also noted that keeping the case in federal court

"minimizes the expense and delay caused by shuttling a case from court to court and furthers CAFA's purpose of allowing putative class actions to be litigated in federal court." Id.

The Court finds Burlington instructive. As in Burlington, the present Plaintiffs are asserting that the post-removal amendment of their complaint, if allowed, would eliminate the basis for federal jurisdiction under CAFA. Plaintiffs fail to acknowledge, though, that jurisdiction under CAFA is determined at the time a complaint is filed. See Burlington, 606 F.3d at 381. Thus, even if the Court granted Plaintiffs' motion to voluntarily dismiss, the resultant reduction in plaintiffs would have no impact on the Court's jurisdiction. See Bullard, 535 F.3d at 762. In the present case, CAFA jurisdiction attached to the Altoum Action the moment Plaintiffs filed a complaint that listed 102 plaintiffs. See Bullard v. Burlington N. Santa Fe Ry. Co., 556 F. Supp. 2d 858, 860 (N.D. Ill. 2008), aff'd 535 F.3d 759 ("Whether defendants have satisfied the requirements of CAFA, including its 100-person minimum threshold, is determined at the time of removal."). The Seventh Circuit has made it clear that once CAFA jurisdiction attaches to an action, subsequent amendments to that action cannot strip the district court of its jurisdiction.

Plaintiffs respond that the present case is an exception to the general rule that a post-removal amendment cannot justify remand. In support, Plaintiffs direct the Court's attention to Schillinger v. Union Pac. R.R. Co., where the Seventh Circuit stated that "[a] case should not come to federal court if the only ground for jurisdiction is a clerical error." 425 F.3d 330, 333 (7th Cir. 2005). In Schillinger, defendants removed plaintiffs' action to federal court after plaintiffs filed an amended complaint that added an additional defendant. Id. at 332-33. Although the original action was filed before CAFA was in effect, defendants argued that the addition of a new defendant should be treated as the commencement of a new action for purposes

of CAFA. Id. at 333. Plaintiffs, in turn, claimed that the amended complaint was not removable under CAFA because the inclusion of the additional defendant in the amended complaint was a "scrivener's error." Id. Plaintiffs' counsel submitted an affidavit "in which he explained that his staff used the original complaint as a word processing template in drafting the amended complaint and failed to notice that this resulted in the incorporation of the old caption and introductory allegations into the amended complaint." Id. The court agreed with plaintiffs and held that the "inadvertent inclusion of [the additional defendant] d[id] not support CAFA removal . . . ." Id. at 334.

Schillinger does not control the outcome of this matter, however, because Plaintiffs' counsel did not commit a scrivener's error when he filed the Altoum Action on behalf of 102 plaintiffs. A scrivener's error is synonymous with a clerical error and a clerical error "is one 'resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination.'" U.S. v. Gibson, 356 F.3d 761, 766 n.3 (7th Cir. 2004) (quoting Black's Law Dictionary 563 (7th ed. 1999)). "Examples of clerical, or 'scrivener's,' errors include omitting an appendix from a document; typing an incorrect number; mistranscribing a word; and failing to log a call." Id. (quotations omitted).

Here, Plaintiffs' counsel was not transcribing or copying any document when he drafted the Altoum Action. Moreover, in contrast to Schillinger, where plaintiffs' lawyer inadvertently included a defendant in an amended complaint, the record in the present matter indicates that Plaintiffs' counsel fully intended to include all 102 plaintiffs when he filed the Altoum Action. See generally Pls.' Reply, Ex. 2. Although Plaintiffs' counsel perhaps would have listed less than 100 plaintiffs in the Altoum Action had he engaged in additional investigation prior to its filing, his failure to conduct such an investigation does not render his inclusion of additional

plaintiffs a scrivener's error. Based on the information Plaintiffs' counsel possessed at the time of the filing, he knowingly chose to bring suit on behalf of more than 100 plaintiffs. As a result, his inclusion of 102 plaintiffs in the Altoum Action cannot be considered "inadvertent." Therefore, Schillinger is inapplicable and, under Bullard and Burlington, Plaintiffs' motion to remand must be denied.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is denied. Plaintiffs' motion to voluntarily dismiss remains under advisement pending Plaintiffs' decision as to whether they wish to proceed with the motion.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: September 9, 2010